132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rita C. TIJERINO, Plaintiff-Appellant,
v.
UNIVERSITY OF CALIFORNIA, SAN FRANCISCO; STATE OF
CALIFORNIA, Defendants-Appellees.
 No. 96-17262.
 United States Court of Appeals, Ninth Circuit.
 Dec. 5, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of California
 
 
 2
 Before: BOOCHEVER and KLEINFELD, Circuit Judges, WILSON** District Judge
 
 
 3
 MEMORANDUM*
 
 CHESNEY
 
 4
 The district court was within its discretion in striking part of the Rizo declaration and all cof the Sanchez declaration as irrelevant. These claims by two employees that other supervisors in other units of the University had terminated them, in their opinion for discriminatory reasons, were irrelevant. They involved different units of the University and different supervisors from those who caused appellant's discharge. Significantly, they set forth no specific instances of discriminatory conduct. The distract court was also within its discretion in striking the 1,179-page deposition submitted without any references to relevant pages. Fed.R.Civ.P. 56(e) required appellant to "designate specific facts" showing a genuine issue, and Local Rule 7-5(a) required "appropriate references to the record." It was not the duty of the trial judge to comb unassisted through the 1,179 pages in order to identify evidence that might establish a genuine issue of face. Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1545 (9th Cir.1988) (local rule may require party to specifically identify evidence which creates a genuine issue of material fact). We do not decide whether the district court was correct in striking the MacKenzie and Romero deposition excerpts, because even if not stricken, they would not establish a genuine issue of fact.
 
 
 5
 Appellant had no direct evidence of a discriminatory motive for her discharge, so she attempted to prove her Title VII claim by circumstantial evidence sufficient to raise an inference of a discriminatory motive under the burden shifting analysis of McDonne.l Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The second element of that test is that the employee was performing her job in a satisfactory manner. Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994). The record is equivocal at best for this element. Also, the record appears lacking in any evidence that appellant was replaced by someone not a member of the same protected class, or that others not in that class were treated more favorably. See Washington v. Garrett, 10 F.3d 1421, 1434 (Sth Cir.1993) (where discriminatory reduction in force is alleged, prima facie case requires proof that others not in the protected class were treated more favorably). But we need not decide whether a prima facie case was made out.
 
 
 6
 Regardless of whether appellant made out a prima facie case, the University articulated a legltimate reason for discharging her: numerous complaints about the adequacy of her performance. Appellant therefore had the burden of showing that the University's articulated reason for firing her was pretextual. Wallis v. J.R. Simplot Co., 26 F 3d 885, 889 (9th Cir.1994). She did not submit sufficient evidence to establish a genuine issue of fact on this point. The supervisor's evaluations say that appellant had difficulty understanding and following instructions, and writing down telephone messages accurately when she worked as a receptionist. She argues that this supports an inference of bias against Hispanics or persons of Nicaraguan origin. While references to a person's language difficulties could be euphemisms for national origin discrimination, there is nothing about the facts of this case to suggest that they were. It is established law of the circuit that "there is noting improper about an employer making an honest assessment of the oral communications skills of a candidate for a job when such skills are reasonably related to job performance," and that an individual's accent may be a nondiscriminatory basis for an employment decision. Fraqante v. City and County of Honolulu, 888 F.2d 591, 596-97 (9th Cir.1989) (emphasis in original).
 
 
 7
 Nor is pretext established because the University solicited the negative job evaluations. We need not decide whether the evaluations were correct. A plaintiff must show that an articulated reason for discharge is a pretext for a discriminatory motive, not just that it is mistaken. Cf. Collings v. Longview Fiber Co., 63 F.3d 828, 833 (9th Cir.1993).
 
 
 8
 The district court likewise was correct in granting summary judgment on the retaliatory discharge claim. The reason is that appellant did not establish a causal link between her 1990 EEOC complaint and her discharge. Such a causal Link was essential to her prima facie case for retaliatory discharge. Nidds v. Schindler Elevator Corp., 113 F.31 912, 919 (9th Cir.1996). The gap in causation evidence was that appellant submitted no evidence to show that the persons who caused her to be discharged knew that she had ever filed an EEOC complaint. If they did not know it, they could not be retaliating for it. The record does contain evidence to the contrary, that her supervisors at the temporary employee program, and the supervisors who wrote the negative evaluations, were unaware of the complaint. The lengthy period after the complaint, during which she continued to be employed, also was evidence that the 1990 complaint did not cause her discharge.
 
 
 9
 Because the district court's summary judgment decision was correct, we need not reach the question appellant raises regarding her jury demand.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3